# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

LAMAR OUTLAW,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 14-3001-MWB
(No. CR 11-3024-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE**

_____

This case is before me on petitioner Lamar Outlaw's *pro se* January 10, 2014, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1). In his § 2255 Motion, Outlaw seeks relief from his sentence to 293 months of imprisonment, as an armed career criminal, after his guilty plea to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). That sentence resulted from a two-level upward departure from Outlaw's advisory sentencing guidelines range of 188 to 235 months, based on underrepresentation of his violent criminal history. Sentencing Hearing Transcript (Crim. docket no. 109).

Specifically, Outlaw asserts the following claim for § 2255 relief:

> I was under the impression that by pleading guilty, I was pleading guilty to my original time frame, which was 188 to 235 months. My lawyer didn't tell me that the Government can ask for a[n] upward departure until sentencing. When I did learn about the upward departure at sentenc[ing], that's when my lawyer said he was gonna appeal due to the

government['s] fail[ure] to state in writing the reason for the departure.

§ 2255 Motion, Ground One. In an *Anders* brief (Civ. docket no. 11),[1] *see also* Status Report (Civ. docket no. 10), counsel appointed to represent Outlaw in this matter (§ 2255 counsel) has recast Outlaw's *pro se* claim as three separate claims of ineffective assistance of trial counsel: (1) failure to explain that the prosecution could move for an upward departure at sentencing after Outlaw had pleaded guilty; (2) failure to discuss the direct appeal of Outlaw's sentencing with him; and (3) failure to file a petition for writ of *certiorari* to the United States Supreme Court on Outlaw's behalf. Section 2255 counsel represents that she does not believe that any of these claims can afford Outlaw any relief. The respondent agrees with § 2255 counsel. *See* Respondent's Response [To] Petitioner's [§ 2255 Motion] (Civ. docket no. 14). So do I.

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979). As relevant here, the Eighth Circuit Court of Appeals has expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Nevertheless, "ineffective assistance of counsel" can only afford a § 2255 petitioner relief, if the petitioner shows that counsel's performance was "deficient" and that the "deficient performance prejudiced the defense." *Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014) (quotation marks

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

omitted) (quoting *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014), in turn quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Proof of "deficient performance" requires proof that counsel's conduct failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler v. Cooper*, ___ U.S. ___, ___, 132 U.S. 1376, 1384 (2012) (quoting *Strickland*, 466 U.S. at 694); *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011).

"'Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.''" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). To put it another way,

> [The district court] may . . . deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." [*Thomas v. United States*, 737 F.3d 1202,] 1206-1207 [(8th Cir. 2013)] (alterations in original) (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006)).

*United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014); *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

As formulated by § 2255 counsel, Outlaw's first claim is that his trial counsel was ineffective because he failed to explain that the prosecution could move for an upward departure at sentencing after Outlaw had pleaded guilty. No hearing on this claim is

3

required, however, because it is contradicted by the record, *see Sellner*, 773 F.3d at 929-30, and no relief is warranted, because of Outlaw's inability to establish *Strickland* prejudice. *Lafler*, ___ U.S. at ___, 132 U.S. at 1384; *Cullen*, ___ U.S. at ___, 131 S. Ct. at 1403. Section 2255 counsel acknowledges that, at Outlaw's change-of-plea hearing, the magistrate judge expressly explained to Outlaw that there was no plea agreement to a particular sentence; that the sentence would be determined at a sentencing hearing after a presentence investigation report had been prepared and the parties had been given the opportunity to object to the presentence investigation report (PSIR); and, most importantly, that the sentence could be different from what either Outlaw or his trial counsel anticipated. Report And Recommendation Concerning Plea Of Guilty (Crim. docket no. 72, 2-3). Section 2255 counsel also acknowledges that Outlaw admitted to the magistrate judge that there was no promise of a particular sentence. *Id.* at 5. Thus, Outlaw was aware before he pleaded guilty that his sentence could be higher than he anticipated, even if trial counsel did not expressly discuss an upward departure prior to Outlaw's guilty plea, and there is no reasonable probability that Outlaw would not have pleaded guilty if trial counsel had advised him of the possibility of an upward departure. Relief is denied on this claim.

Outlaw's second claim, as formulated by § 2255 counsel, is that trial counsel failed to discuss the direct appeal of Outlaw's sentencing with him. Again, no hearing on this claim is required, because it is contradicted by the record, *see Sellner*, 773 F.3d at 929-30, and no relief is warranted, because of Outlaw's inability to establish either deficient performance or prejudice under *Strickland*. *Lafler*, ___ U.S. at ___, 132 U.S. at 1384; *Cullen*, ___ U.S. at ___, 131 S. Ct. at 1403; *Strickland*, 466 U.S. at 687, 694. Trial counsel did promptly file a Notice Of Appeal (Crim. docket no. 104); continued to represent Outlaw throughout the appeal; and raised issues supported by the record. *See* Opinion On Appeal (Crim. docket no. 114). Outlaw has not identified any argument on appeal that his trial counsel did not make, because he did not consult with Outlaw, nor has Outlaw suggested how any discussion between him and his trial counsel raises a

reasonable probability that the outcome of his appeal would have been different. Relief is denied on this claim.

Outlaw's final claim, as formulated by § 2255 counsel, is that trial counsel failed to file a petition for writ of *certiorari* to the United States Supreme Court on Outlaw's behalf. As § 2255 counsel acknowledges, the Eighth Circuit Court of Appeals has recognized that "[d]ue process does *not* . . . guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (emphasis in the original) (citing *Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974)). Thus, there can be no claim of ineffective assistance of counsel when there is no right to counsel. Relief is denied on this claim.

Finally, I conclude that Outlaw has failed to make a substantial showing that any of his claims are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to all of Outlaw's claims. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

THEREFORE, petitioner Lamar Outlaw's *pro se* January 10, 2014, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) is **denied** in its entirety, and no certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 9th day of June, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA